**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 24 2020

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Trinity M Dozer , Plaintiff

v.

Uknown Private Extradition Company

R. Burns (Private Extradition Officer)

John Doe (Private Extradition Officer)

Wellpath , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**PRISONER COMPLAINT**

---

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Trinity Dozier #7248  PO Box 4918 Centennial, CO 80155

(Name, prisoner identification number, and complete mailing address)

Trent

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

☑ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: *(Please explain)* _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  Uknown Extradition Company

(Name, job title, and complete mailing address)

Uknown at this time

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ___ No *(check one)*. Briefly explain:

Under state contract to carry out extradition

Defendant 1 is being sued in his/her ☒ individual and/or ☒ official capacity.

Defendant 2: Extradition Employees R. Burns and John Doe
And 3
(Name, job title, and complete mailing address)

Uknown at this time

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*).  Briefly explain:

under state contract to carry

out extradition

Defendant 2 is being sued in his/her _X_individual and/or _X_official capacity.

Defendant 3: Wellpath
4
(Name, job title, and complete mailing address)

7388 S. Revere St. Centennial, CO 80112

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*).  Briefly explain:

Under jail Contract to provide

Medical Services

Defendant 3 is being sued in his/her _X_individual and/or _X_official capacity.


**C.    JURISDICTION**

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_✓_    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_✓_    Other: (*please identify*) Diversity

3

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____

    Supporting facts:

(See Attached)

## D. Statement of Claims

### Fact Summary

1 Plaintiff Trinity Micheal Dozier is 37 years
2 old and a resident of Cody, Wyo.
3   In April of 2019 Dozier was arrested
4 in Dallas Texas for outstanding warrants
5 in Colorado.
6   On approx. April 30th, 2019 Dallas
7 County Sheriff released Dozier to the
8 custody of defendant "Unknown Extradition
9 Company" a privately contracted corporation
10 and it's (employee's) also listed as
11 defendants individually officer "R. Burns"
12 and officer "John Doe".
13   Defendant R. Burns placed Dozier
14 in wrist, ankle, and belly restraints
15 otherwise known as "shackles" then
16 led him into the rear of the transport
17 Van.
18   The transport van is seperated into
19 two sections. The front is for the
20 two officers. The mid section is a
21 bed for one officer to sleep while
22 the other drives. (Persumably this
23 allows for much longer continuous

driving times without stopping for rest)
The remainder of the van is a large cage
that is designed into three smaller cages.
The front cage holds two prisoners. The
two rear cages each hold four prisoners.
At maximum capacity the van holds ten
prisoners and two employees. The cages
are designed into very tight space
restricted conditions, where prisoners
can only sit forward facing and their
knees are crammed into the cage wall
in front of them. Restraints are never
removed from a prisoner while they
are in transport.

When Dozier boarded the van he
became the 10th prisoner on board,
with the two defendant employees
present as well.

## Conditions of Confinement
### Sanitation

The cage Dozier was placed in was
too dark for Dozier to see, reaked of
urine and Dozier noticed the breathing
conditions were deplorable with the
interior climate extremely hot and
musty. The temperature that evening in
Dallas was very warm, yet the drivers
were blasting the rear of the van

52  with high blowing blowing heat.
53     Does and other prisoners screamed as
54  loudly as possible through the walls and
55  cages for the defendants to turn off the
56  heat but complaints were met with higher
57  blowing heat. This caused the climate,
58  breathing, sweating and sanitation
59  conditions to become extremely difficult
60  to cope with.
61          f.   Denial of Bathroom Breaks
62     As the van approached the rural
63  States of Oklahoma and Kansas as
64  well as eastern Colorado breaks for
65  the bathroom for prisoners became
66  extremely rare. Though employees
67  were still regularly stopping for their
68  own bathroom breaks, and the
69  van was still regularly stopping
70  at county jails the prisoners ()
71  were denied breaks at most
72  of them. I estimate at times
73  we were denied bathroom breaks
74  for up to 10 hour intervals.
75          Upon several requests to use
76  a restroom, I was told policy
77  would not allow for a bathroom

78 break and I would have to be forced
79 to urinate into a small water
80 bottle.

## Sanitation Conditions.

81   The water bottles were very small
82 and the openining or mouth pieces were
83 extremely small and ineffective for urinating
84 into. The lights remained off in the cages
85 at all times causing causing a further
86 and forseeable challenge. Urinating
87 into the bottles. No matter how much
88 myself or others pleaded with the
89 defendants they would not stop nor
90 slow down so we could attempt to
91 more easily urinate into the bottles.
92 As already described we were also
93 in full restraints causing yet another
94 forseeable challenge. Also already
95 described we were jam packed into
96 the cages together, making standing,
97 from to urinate, or any reasonable
98 privacy pretty much impossible.
99   The obvious natural and forseeable
100 consequence of this practice and
101 those policies and employees
102 forcing the described conditions are
103 that toxic human waste regularly and
104 continually got on everything and

105 muself within the cages for the
106 entire trip from Dallas to Denver
107 between April 30th to May 2nd 2019

## Assault and Battery

108 At one point during this trip
109 Dozier beat on the cage walls,
110 while demanding verbally better
111 conditions to the drivers making
112 them expressly aware of all
113 the current conditions. The
114 defendants responded to this
115 disturbance by slamming on
116 their breaks from highway speeds
117 There are security cameras installed
118 into each cage (with "night vision") that
119 allowed for defendants to see on
120 their screen that Dozier was the
121 prisoner causing this disturbance
122 as well as the fact he was partially
123 standing kneeled slightly down in the
124 cage at the time. (

125    (As a result of the defendants
126 decision to willfully slam the
127 breaks Doziers body was thrown
128 within the cage where the force
129 between the cuffs and the ground

10 of 20

130 caused a considerable injury to his
131 left arm, from which he still suffers
132 today.
133   Dozier told the employees he
134 was hurt, they responded by giving
135 him 2 tylenoUm the next day
136 after many complaints.

### Sanitation Conditions

137   Dozier also voiced to the employees
138 the ouvuious need for clean
139 clothes and the need for the van
140 to be cleaned and sanatized. All
141 requests were refused and ignored.

### Rights to Rest and Hygiene

142   The extradition van drove across the
143 states in a zig zag formation so as to increase
144 the amount of prisoners picked up and
145 dropped off from different facilities. This
146 procedure increases travel time
147 greatly.

148   Many extradition companies have
149 policies that an overnight stay is
150 required at a county jail at least
151 every 24 hours of travel to allow
152 prisoners to get showers, clean
153 their clothes and get rest.

154   This particular trip from Dallas
155 to Denver lasting approx 3 days

156 had zero such breaks. Plaintiff Dozier
157 was never placed into conditions
158 where sleep or use of hygiene
159 was even possible he was
160 assaulted physically and forced
161 to marinate in human waste
162 for days.
163     The private extradition
164 company released custody and
165 care of Dozier to Arapahoe
166 County Sheriff May 2nd 2017
        () Medical Malpractice
167     Arapahoe County Sheriff has
168 privately contracted a Medical provider
169 Wellpath whom
170 is also named as a defendant
171 in this Complaint.
172     Dozier has notified Wellpath
173 (). Services repeatedly this entire
174 time at Arapahoe County Jail about
175 the injury caused to his left arm
176 during extradition.
177     Dozier regularly experiences
178 disabling pain for extended periods
179 of time (since the assault occured).
180 This pain from the injury consistently

8 of 20

181 interferes with Dozier's regular daily
182 activity.
183    Despite consistent complaints
184 and even exhausting the grievance
185 procedure Wellpath health
186 has done nothing to actually examine
187 the injury to date, though they
188 have charged Dozier's inmate account
189 for examinations and simply provided
190 a generic pain reliever told t. jo
191 daily intervals. A nurse told Dozier
192 she would try to get Dozier into
193 see their doctor but the doctor is
194 unlikely to see him for an issue
195 that medical records do not already
196 exist from prior to coming to the
197 jail. Many months have gone by and
198 Dozier has remained proactive in
199 seeking medical attention but still
200 no suitable medical treatment has
201 occured.
202    It is common practice for Wellpath
203     Services at Arapahoe County
204 jail to ignore and disregard
205 serious medical conditions, as
206 Dozier experienced again when he
207 contracted an infection in his
208 mouth, was denied antibiotics and

209 placed on a dental visit line with
210 a month long waiting list. Despite
211 sending complaints(about the
212 infection and pain the nurses
213 refused to even call him out
214 for a standard sick call several
215 days in a row.
216     (1)In desperation Dozier found
217 another inmate on antibiotics and
218 payed him to cheek the meds so
219 Dozier could take them. This resolved
220 the infection for Dozier.
221     All defendants to this action
222 are privately contracted by
223 Colorado county governments) and
224 acting under color of state law.
225     The actions described herein
226 by defendants describe actions
227 and policies that inflicted
228 punishment on Dozier that was
229 both cruel and unusual and
230 inflicted without due process of
231 the law, as Dozier is a pre-trial
232 detainee and remains so at the
233 filing of this complaint.
234     All known remedies have been

235 exhausted Prior to the filing of this
236 Complaint.

1) Claim One   (constitutional)

As to defendants Uknown extradition
company, employee R. Burns, employee
John Doe, a 14th Xmendment due process
clause violation.

Named Defendants subjected Dozier to
Punishment without due process. The
defendants acted with deliberate indifference.

As stated in the fact summary Dozier notified
defendants of extreme conditions of confinement
and said defendants responded with deliberate
indifference and malicous intent by blasting
higher heat in response.

Deliberate indifference is shown
where defendants had actual Knowledge
of the cruel and unisual conditions
and the defendants failed to respond
in a reasonable manner. Farmer v.
Brennan, 511 U.S. 825, 837, 114 S. Ct 1970
(1994); See e.g. Johnson V. Mullin, 422 F.3d
1184, 1187 (10th Cir. 2005).

2. Claim Two (constitutional)

As to defendant's Uknown extradition

company, employee R. Burns, and employee John Doe a 14th Amendment due process clause violation.

After Dozier expressly notified defendants of conditions they acted with deliberate indifference by forcing Dozier to marinate in human waste and other deplorable conditions for days on end and refused to allow him or those around him opportunity to relieve themselves in a reasonable manner.

Many courts have upheld similar conditions to be found as unconstitutional. See:

Despain V. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) holding 36 hour exposure to human waste stated an Eighth Amendment claim.

Mcbride V. Deer, 240 F.3d 1287, 1291-92 (10th Cir. 2001) citing Gaston V. Coughlin, 249 F.3d at 166 "We are unwilling to adopt as a matter of law the principal that it is not cruel and unusual punishment for officials knowingly to allow an area to remain filled with sewage and excrement for days on end.

12 of 20

Glapsu V. Malicoat, 134 F. Supp. 2d 890, 894-98 (W.D. Mich. 2001). Visitor who soiled himself after being denied toilet, "there are few activities that appear to be more at the heart of the liberty gaurantee d by the due process () Clause of the 14th amendment than the right to eliminate harmful waste's from ones body away from the observation of others." () ()

Wells V. Franzen, 777 F. 2d 1258, 1263-64 (7th Cir. 1985), the failure to release a restrained prisoner to go to the bathroom, and the failure to remove his two day old bedpan full of urine raised a constitutional question.

Toussaint V. McCarthy, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) "A sanitary enviroment is a basic human need that a penal institution must provide for all inmates."

Shannon V. Graves, 257 F. 3d 1164, 1169, (10th Cir. 2001). evidence of fecal contamination of blankets and clothing raised an eigth amendment issue (even though officials were not shown to be deliberately indifferent.

Benjamin V. Fraser, 161 F. Supp.

2d 151, 178 (S.D.N.Y. 2001) Prisoners
are entitled to clothing that is clean
or to have an opportunity to clean it
for themselves.

3. Claim Three (Constitutional)

As to defendants unknown extradition
company, employee R. Burns, and
employee John Doe, a 14th Amendment
due process clause violation.

The defendants acted maliciously with
deliberate indifference when Dozier
voiced his complaints and they chose
to respond by slamming the brakes in
the van from highway speeds inflicting
an assault on Dozier (that resulted in)
serious injury.

In misuse of force cases "[a] court
must look to such factors as [1] the need
for application of force [2] the relationship
between the need and the amount
of force that was used [3] the extent
of the injury inflicted [4] and whether
force was applied in a good faith effort
to maintain or restore discipline or
maliciously and sadistically for the very

purpose of causing harm." Meade V. Grubbs, 841 F. 2d 1512, 1527 (10th Cir. 1988).

Here, Dozier was making defendant's aware of the deplorable conditions of confinement, simply strving to be treated humanely. Regardless of whether the defendants found Dozier's actions to be annoying, there was no threat posed to anyone real or percieved. No reasonable person could have found use of force to be required.

Courts have found many similar situations deemed unconstitutional. See:

Felix V. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) Throwing a plaintiff across a hallway into a wall without reason violated the eigth amendment

Davis V. Locke, 936 F.2d 1208, 1212 (11th Cir. 1991) dropping a shackled inmate so he hit his head violated the 14th Amendment.

Orem V. Rephann, 523 F.3d 442, 446 (4th Cir. 2008) using physical force against a verbally abusive arrestee who was handcuffed and hobbled in a patrol car supported a claim of due process denial.

Bufford V. Nelson, 241 F.Supp. 2d 1192,

1205 (D. Kan. 2002) beating while restrained supported an eighth amendment claim.

Caudle-El v. Peters, 727 F. Supp. 1175, 1180 (N.D. Ill. 1989) allegation that the plaintiff was choked, thrown to the ground, and kneed in the back after he was handcuffed and secured, stated an eighth amendment claim.

4. Claim Four Constitutional

As to defendants uknown extradition company, employee R. Burns, and employee John Doe a 14th amendment due process clause violation.

Even after being notified the defendants denied Dozier clean clothes and a sanitary environment acting with deliberate indifference.

"Prisoners are entitled to clothing that is clean or have an opportunity to clean it themselves". Benjamin v. Fraser, 161 F. Supp. 2d 151, 178 (S.D. NY 2001).

5. Claim Five (constitutional)

As to defendants uknown extradition company, employee R Burns, and employee John Doe. A 14th amendment

due process clause violation.

For the entire trip Dozier was deprived of conditions which allowed for sleep to be possible or even stretching of the body, due to the tank conditions and restraints.

Courts have recognized sleep as a basic human need. Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999); Merrit v. Hawk, 153 F. Supp. 2d 1216, 1228 (D. Colo. 2001).

6. Claim Six (constitutional)

As to defendant Wellpath is a 14th Amendment Due Process Clause violation for acting with a deliberate indifference to Dozier's serious medical needs.

Dozier has repeatedly notified defendant of his injury and need for medical attention as to which defendant has willfully neglected Dozier's medical needs.

Courts have recognized similar facts to be unconstitutional. Most notably SCOTUS has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment.

Estelle v. Gamble, 429 U.S. 97, 104 (1976).
A medical condition may be serious
if it "significantly affects an individuals
daily activities" Hayes v. Snyder, 546
F.3d 516, 523 (7th Cir. 2008); McGuckin
v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).
"Delays in treating painful medical
conditions that are not life threatning
can support eighth amendment
claims" Gutierrez v. Peters, 111 F.3d
1364, 1371 (7th Cir. 1997). A chief
purpose of the cruel and unusual
punishments clause is to prevent
the "unecessary and wanton
infliction of pain" Estelle v. Gamble,
429 U.S. at 104 (1976).

Supplemental Jurisdiction State
Law Claims 28 USC § 1367

7. Claim Seven (state, tort)
    As to defendants Uknown extradition
company, employee R. Burns, and
employee John Doe assault and
battery for forcing Dozier to
marinate in human waste for days.

8. Claim Eight (state tort)

As to defendants uknown extradition company, employee R. Burns, employee John Doe.

The defendants through their position, contracts, and law have a duty to provide reasonable restroom breaks, clean clothes and a sanitary enviroment Defendants breached this duty and continued to do so even after they were expressly aware of the conditions. It was forseeable that harm could result from Dozier and other prisoners coming in contact with the human waste. Through the contact with Dozier and the conditions actual harm did result for which the defendants breach of duty was the proximate cause. Any reasonable person in the defendants position would have acted differently as some extradition companies have practices and procedures in place to prevent harm just like this

9. Claim Nine (state tort)

As to defendants uknown extradition

19 of 20

company, employee R. Burns, and employee John Doe assault and battery for intentionally slamming the brakes on the veh resulting in a physical injury to Dozier. (

11. Claim Eleven (Breach of Contract)

As to all defendants breach of contract for each incident described in the facts where harm resulted to Dozier The defendants had govermental contracts that gave defendants a duty to prevent such harm and as a 3rd party benneficiary to the contracts Dozier was harmed as a result of the breach.

12. Claim Twelve

As to defendant Wellpath a claim of medical negligence or malpractice for failure to treat Dozier's injury like any reasonable medical professional would have resulting in pain and suffering.

10 of 20

## Conclusion

I have worked dilligently to obtain the information naming the extradition company. I intend to request from this Court a subpoena for records from Dallas and Arapahoe County's to get this information as current efforts from the County without a Court order have failed to do so.

I intend to subpoena from the extradition company possible video footage from the Security Cameras in the vans proving my claims.

The urine soaked clothes I was wearing remain on my property at Arapahoe County Jail Sealed in a bag and will be used as evidence.

Finally I intend to bring forth witnesses that can verify the lasting Physical injury.

**E.**   **PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):          _____

Docket number and court:         _____

Claims raised:                           _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed:   _____

Result on appeal, if appealed:          _____


**F.**   **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

         _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

         _X_ Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed*
*to identify the relief you are requesting, use extra paper to request relief.  Please indicate that*
*additional paper is attached and label the additional pages regarding relief as "G. REQUEST*
*FOR RELIEF."*

Plaintiff Dozier requests monetary compensatory
and punitive damages, from all defendants.
An injunction may also be requested to both
defendant corporations.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746;
18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending or modifying
existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

2-07-2019
(Date)

(Form Revised December 2017)

6

T. Davier #7248
Po Box 4918
Centennial, Co 80155-4918

Alfred A. Arroj Room A105
901 19th St
Denver, CO 80294-3589





UNCENSORED INMATE MAIL

Arapahoe County Detention Facility

Notice to Addressee: unsolicited or unwanted items
may be declined and returned to sender unopened