**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.    20-CV-00584-KLM
             (To be supplied by the court)

Trinity M Dozier                , Plaintiff

v.

1) Uknown Private Extradition Company
2) B. Burns
3) John Doe

4) Wellpath, LLC
5) Jane Doe 1
6) Jane Doe 2            , Defendant(s).

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 26 2020**

**JEFFREY P. COLWELL**
**CLERK**

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

_Amended_     **PRISONER COMPLAINT** 5

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Trinity M. Dozier # 7248 P.O. Box 4918 Centennial, CO 80115

(Name, prisoner identification number, and complete mailing address)

Trent, DoJA

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

✓ Pretrial detainee

___ Civilly committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: UKnown Extradition Company

(Name, job title, and complete mailing address)

Not Known at this time

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

WorKing under contract From state of Colorado to transport plaintiff

Defendant 1 is being sued in his/her ___ individual and/or ✓ official capacity.

2

Defendant 2: B. Burns, Extradition officer, UKnown Extradition Company
(Name, job title, and complete mailing address)

UKnown at this time

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

Under contract from Colorado for prisoner transport

Defendant 2 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 3: John Doe, Extradition officer, UKnown Extradition Company
(Name, job title, and complete mailing address)

UKnown at this time

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law? ✓ Yes ___ No (check one). Briefly explain:

Under Contract from Colorado for prisoner
transport

Defendant 3 is being sued in his/her ✓ individual and/or ___ official capacity.

(Additional Defendant Information is attached)

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
(federal defendants)

✓   Other: (*please identify*) Diversity

3

B. Defendant Information Continued

Defendant 4: Wellpath, LLC
Arapahoe County Detention-Medical Section
(Wellpath, LLC) 7375 S Potomac St
Centennial, CO 80112
(720) 874-3579 (Phone)
(303) 792-3803 (fax)

Local Office: 7388 S. Revere PKWY
Centennial, CO 80012

Headquarters: 1283 Murfreesboro RD
Nashville, TN 37217

Was defendant acting under color of state or
federal law? ✓yes
Explain: Under Contract from County to provide
jail medical services

Defendant 4 is being sued in their official
capacity

Defendant 5: Jane Doe 1, Nurse, Wellpath LLC
7375 S Potomac St Centennial, CO 80112

Acting under Color of State or Federal law?
✓yes

B. Defendant Information Continued

Explain: Under contract as Wellpath employee to provide jail medical services.

Defendant 5 is being sued in her individual capacity

Defendant 6: Jane Doe 2, Nurse,
Wellpath, LLC
7375 S Potomac St Centennial, CO 80112

Acting under color of state or federal law? ✓ yes
Explain: Under contract as Wellpath employee to provide jail medical services.

Defendant 6 is being sued in her individual capacity

**D.** **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Attached

Supporting facts:

4

D. Statement of Claims

Factual Background

In April of 2019 plaintiff Dozier was arrested in Dallas, TX for outstanding Colorado warrants.

Defendants 1, 2, 3

On approximately April 30, 2019 Dallas County Jail released Dozier to the custody of defendant "Unknown Extradition Company" a private corporation under contract with Arapahoe and Denver County to extradite Dozier.

Defendant's B. Burns and John Doe are private extradition officers working for the corporation.

B. Burns escorted Dozier in full restraints, then loaded him into a rear cage of the van.

Layout of Extradition Van

The transport van is seperated

into five sections. The front is for
the two officers, the mid-section
is a bed for one officer to sleep
while the other drives. (Persumably
this allows for much longer continuous
driving times without stopping for
rest). The remainder of the Van is
a large cage, that is designed
into three smaller cages. The front
cage holds two prisoners. The two
rear cages each hold four prisoners.

At max capacity the Van holds ten
prisoners and two employees. The
cages are designed into very tight
space restricted conditions, where
prisoners can only sit forward facing
and their knees are crammed into the
cage wall in front of them. Restraints
are never removed from a prisoner while
in transport.

When Dozier boarded the van he
became the 10th prisoner on board
reaching max capacity.

Conditions of Confinement

3/38

The cage Dozier was placed in was too dark for Dozier to see, reaked of urine and the ventilation/breathing conditions were deplorable with the interior climate extremely hot and musty. The tempature in Dallas was very warm, yet the drivers were blasting heat. This caused the climate, breathing, sweating and sanitation conditions to become extremely difficult to cope with.

## Denial of Bathroom Breaks

As the trip progressed restroom breaks became rare. On several occasions defendants stopped to use the restroom were Dozier was not able to use a restroom. On at least two occasions Dozier was denied the use of a restroom at County Jails, one of them Oklahoma County Jail in OKC, OK.

On more than one occasion bathroom breaks were denied for approx. 10 hours.

## Deliberate Indifferent Policy of Extradition Company

Dozier made several requests to use a restroom, at which he was informed that **policy** would not allow for a bathroom break outside of a county jail and Dozier would have to urinate into a small water bottle. There was no other type of more acceptable container or device on board the van for this common purpose.

The water bottles were very small and the mouthpiece was as well, causing urinating into the bottle to be very challenging.

The lights remained off in the cages at all times causing further challenge to the situation. Also the crowded conditions, the full restraints, and the van remaining in movement created a forseeable recipe for disaster.

<u>Personal Involument to B. Burns and John Doe</u>

On more than several instances Dozier along with other prisoners

pleaded directly with both officers
to stop the van so he could urinate,
requests were denied.

As any reasonable person might expect
this policy in these conditions
caused constant long term exposure
to human waste. Dozier was exposed
to human waste and forced to
marinate in it the entire duration
of the trip, approxametly from April
30th, 2019 to May 2nd, 2019.

## Excessive Force / Assault
Personal involvement of John Doe

At one point during the trip Dozier
beat on the cage walls and stated
"there is piss all over in here, it's
disgusting and on everything and these
stupid fucking bottles are impossible
to piss in, and you motherfuckers are
just going to make us live like this,
fuck you stupid motherfuckers."

Defendant John Doe responded
slamming on the brakes from highway
speeds.

John Doe and B. Burns were able
to see it was Dozier causing the disturbance
as each cage was equipped with security
cameras installed with night vision and
a screen for viewing the cameras
up front. They could see Dozier was
partially standing kneeled slightly down
in the cage at the time.

As a result of defendant John Doe's
decision to willfully slam the brakes,
Dozier's body was violently thrown
within the cage where the force
between the cuffs and the ground
caused a considerable injury to his
left arm, from which he still
suffers from today and hinders his
daily activities.

Dozier told the employees he was
hurt, they responded by giving
him 2 tylenol PM, the next day
after the complaints.

Policy of Deliberate Indifference
to Sanitary Conditions, Failure to Act

Dozier also voiced to the employees

7/(33) 38

B. Burns and John Doe the obvious need for clean clothes and the need for the van to be cleaned and sanatized. All requests were refused and ignored. Policy did not require clean clothes on board.

Deliberate Indifference to rights of rest and hygeine.

The Van drive across the states in a Zig-zag formation so as to increase the amount of prisoners picked up and dropped off from different facilities. This procedure increases driving time greatly, it also increases the need for bathroom breaks and hygeine.

Many extradition companys have policy that requires an overnight stay in a correctional facility at least once per 24 hours of travel for rest and hygeine needs. The state of Colorado has a similar statute with such requirements C.R.S. § 16-3-107.5(4)(a) "At least once every 24 hours that prisoner is transported... Shall be housed, unshackled... for a period

not less than six hours and permitted to shower and sleep.

The defendant extradition company had policy in place not conforming to industry standards nor law shown by the fact that for the entire trip lasting several days Dozier was not once unshackled, allowed to shower, rest, or use any form of hygeine. This extreme and outrageous policy forced Dozier to marinate in human waste for days.

The private extradition company released custody of Dozier to Arapahoe County Sheriff in Colorado on approxametly May 2nd, 2019.

<u>Deliberate Indifference to Serious Medical Needs</u>

Arapahoe County Sheriff contracts with a private company Wellpath, LLC to provide prisoners with their medical needs. Wellpath is a Tenessee Corporation that provides services in Colorado.

As per the Arapahoe Sheriff inmate policy, Dozier on several occasions filled out 'medical requests Kites' to be seen by a nurse at sick call, regarding the injury that occured during extradition to his left arm.

Dozier made requests for medical care concerning this injury during his initial intake medical screen, on June 20th, 2019 via electronic Kite, July 9th, 2019 via kite, July 27th, 2019 via kite, September 10th, 2019 via Kite, September 11th, 2019 via kite, via electronic medical greivance January 29th, 2020, Febuary 29th, 2020 via kite, March 3rd, 2020 via kite, March 16th, 2020 and March 23rd, 2020.

Deliberately Indifferent Sick Call Policy

"The policy of Wellpath, LLC at Arapahoe County Detention Center is in contradiction of the jail's policy which states "The nurse will see you before being scheduled to see the staff physician. When you request to visit the staff physician, the opportunity will be provided." Arapahoe

Sherif inmate Hanbook et p. 32,
Medical Information, Staff Physician Visit.

## Wellpath's Cookie Cutter Policy

In practice when a medical Kite has
been completed, the following day a
Wellpath nurse will call out the inmate
for a short routine medical screen, which
includes the nurse reading the Kite,
Checking tempature, and finally a blood
pressure check. Regardless of the
details of the medical request. This
cookie cutter response has been the
routine for all of Dozier's kites regardless
of content in the request. Wellpath
has never allowed a staff physician
Visit at Dozier's request (as per written
policy). The policy and practice of
Wellpath is to work dilligently to
avoid allowing an inmate to see a
physician, or get adequate medical
screenings for the type of injury
complained of.

## Personal Involvment of Jane Doe

The entire year of 2019 Wellpath

11/38

HC, nurse Jane Doe responded to
Dozier's complaints with a cookie cutter
response each time.

Dozier explained to Jane Doe that
the injury happened to his left arm
during extradition. He explained that
on a random daily basis since the
injury occured he gets disabling pins
and needles type pain which disables
full use of his arm at random times.

Each sick call Jane Doe would check
Doziers tempature and blood pressure
then she would prescribe tylenal/ibpofun
for two days Dozier requested that a
Physician further examine his arm but
each time she denied his request and said
the doctor will not do anything for his injury
without prior medical records. On Dozier's
September 11th, 2019 Kite Jane Doe left
a message "per provider no new orders
at this time" showing explicit denial to
Dozier's request to see a physician,

## Exhaustion of Remedies

Dozier sent a grievance

on the issue. January 29ᵗ, 2020
and again requested a physician within
the grievance contents, which landed
Dozier a physician visit in March of
2020.

The physician explained the first
step to properly exam this issue
is to get an X-ray, so Dozier
was then X-rayed. He was told that
after the X-ray comes back then
he would visit doc again, in the
mean time she prescribed pain
medications.

On March 17ᵗ, 2020 Dozier was notified
the X-ray was negative. The X-ray is
not conclusive on the possibility of
nerve injury.

The physician never called Dozier back
in to continue the examination as
promised.

Arapahoe Detention Center grievance
policy requires an inmate to ask a
deputy to open a grievance for

him. Policy is that a response to
a grievance may never exceed
(ten)10 days from the date it is
submitted. An appeal to a grievance
must be filed within 5 days from
reciept of the response being filed.
If the appeal does not satisfy the
submission requirements it shall be returned
to the inmate for completion or correction
within 3 days. A reply to an appeal
is required within 15 days. Arapahoe
Inmate Handbook.

Dozier requested from deputies on
several occasions to have a
grievance opened for him, though
the grievances were not opened.

On 01/29/2020 Dozier sent a medical
request stating "Grievance... I have
asked to have a grievance opened
countless times by deputies, but the
process never works and never opens on
the Kiosk. I have complained many
times since I have been here, about
pins and needles pain in my left
arm. I have been told they would
try to get me to see the doctor,

by the nurse, I have been here
9 months and that has never happened.
I am not looking to go on another
pointless sick call and pay for two
tylenol. I would just like to request
an exam by the doc." Request # 192213

On 02/17/2020 well past the ten
day deadline a response is given
"Trinity I have seen your grievance
and have pulled your medical records
for the provider to review. You have been
scheduled with the provider."

On 01/30/2020 an official medical
grievance was opened for me on the
kiosk, in this grievance I stated "...
entire time I have been here I
sent several kites... I never got a
real exam, I would like to see a doc..."

On 02/12/2020 the grievance response
was "...we have medical records
from an injury in 09/2013..."

This response failed to get them to
look at all my recent medical kites

On 02/12/2020 I filed an appeal stating "that is not the injury, I am talking about an injury that occured [during transport to this jail], I have also kited several times about."

On 02/14/2020 the Appeal response is "Can we ensure he sees provider?" then on 02/17/2020 they said "I scheduled provider."

The physician did x-rays then promised she would further the exam after x-rays were back. Dozier waited several months but was never brought back to the physician.

On 06/24/2020 Dozier re-opened this appeal, with a second appeal stating "x-rays were negative, still having the issue, can I see doc again"

On 07/14/2020 they responded "I see you have an upcoming doctor appointment" As of date this appointment has not occured 08/16/2020.

16/38

Due to sick call policies in place at
Arapahoe Detention Center that
amount to deliberate indifference,
Dozier experienced additional injuries
where he did not recive proper medical
treatment.

## Deliberate Indifference to Serious Medical Needs (Dental Infection)

On 01-30-2020 Dozier sent a medical
request Kite stating "I have tooth pain on
a broken tooth" Nurse Jane Doe 2 called
Dozier out for a standard sick call
examination getting his blood
pressure, tempature and a quick
glance at his tooth. She put
Dozier on a waiting list to see
the dentist and prescribed a small
dose of ibprofun. She did not prescribe
antibiotics for the infection.

On 01/31/2020 Dozier sent another
medical Kite "I got put on ibprofun
for dental pain, it is not enough to
remotely help with pain, also my mouth
is swollen im fairly certain its infected
and I need antibiotics. Nurse

17/38

Jane Doe closed the Kite on 02/01/2020
without further examination stating
"patient related symptoms resolved."

On 02/01/2020 Dozier sent another
request "have an infection in mouth
severe pain" Jane Doe closed the
request without exam, again stating
"scheduled to see dental, please be
patient. Medication on MAR"

On 02/02/2020 Dozier sent another Kite
"I submitted a Kite about an infection
but didn't get called out for sick call."
On 02/03/2020 Jane Doe again closed
the Kite without examination "patient
related symptoms resolved. You are scheduled,
sorry for the wait."

On 02/02/2020 Dozier sent "I understand
I am scheduled to see dental, I
was told that takes up too a month,
since I saw the nurse last my mouth
has become very swollen and the
nurse never examined the dental
issue, im certain there is obviously
some kind of infection, also the pain
meds im getting don't last long

18/~38

enough between med lines, the
pain is super extreme, is it not possible
to get examined for an infection
and get antibiotics? I'm not trying
to be a pain in the A** I just
need some help plz."

Nurse Jane Doe 2 informed Dozier
it is policy that the dentist prescribe
antibiotics, and the nurse cannot do
this on a sick call, on 02/04/2020
the kite was closed incorrectly stating
"patient related symptoms resolved."

Dozier was left with this infection,
in extreme pain for several months
until the dentist visited Dozier in
June of 2020 at which time he
found an infection and ordered
antibiotics.

Exhaustion of Remedies for Dental Claim

On 06/30/2020 under grievance # 197639
Dozier stated he had made previous
attempts to get a grievance opened
but they failed and complained of
the fact it took several months

to see the dentist and get antibiotics.
On 07/14/2020 they responded and
closed the grievance well past the
10 day deadline stating Dozier
has an upcoming appointment.
there was no option on the Kiosk
to appeal as there normally would
be.
On 07/14/2020 Dozier filed
appeal #239838, stating an
upcoming appointment does not
resolve the 4 months it took,
and requested policy change so
nurses can prescribe dental
antibiotics and so dental appointments
don't take so long.
On 07/15/2020 the appeal
was closed with "Trinity, you are
scheduled to see dentist, you were
seen July 03, 2020 and put on
antibiotics, which you have been refusing.
**refusing** will take the **dentist longer** to
see you. Antibiotics are to prevent
infection when tooth is pulled, nurses
cannot prescribe medication. you
were given tylenol for your arm. I
can speak to provider to restart."
Dozier again appealed 07/16/2020

stating he had been taking the
antibiotics nightly, nurses had previously
got him antibiotics for non-dental
issues and explained how the
Physician was supposed to see
him again about his arm after
the X-ray as the injury could be
nerve damage, among other things
the X-ray was supposed to be a
tool to help isolate the issue
and the Physician was supposed
to see him again.

Declaration As to Military
Service for Defendants

Plaintiff Trinity Dozier States,

1) I am the pro'se plaintiff in
this complaint. I make this
declaration pursuant to the
requirements of the Soilders and
Sailors Civil Relief Act, 50 U.S.C.,
Appendix §520

2) The military status for defendants
John Doe add B. Burns are not
known.

The defendants Jane Doe and
Jane Doe 2 have worked at
Arapahoe County Detention Center
since plaintiff was incarcerated in
April, 2019.

4) Based on fact (3), the plaintiff
is convinced that defendants
Jane Doe and Jane Doe 2 are not
in the military service of the U.S.
Pursuant to 28 U.S.C. §1746, I
declare under penalty of perjury, that
the foregoing is true and correct.

August 16, 2020
Date

Trinity Docker #7248
PO Box 4918
Centennial, Co 80155

## Jury Trial

Plaintiff is requesting a Jury Trial.

1. Claim One, 14th Amendment Due Process Clause Violation

Defendants: 1) Uknown Extradition Company 2) B. Burns 3) John Doe

## Rule

Deliberate indifference is shown where defendants had actual knowledge of the cruel and unusual conditions, and then failed to respond in a reasonable manner. Farmer V. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994); See e.g. Johnson V. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005).

## Violation

Dozier expressly notified defendants of how the policy which prevented bathroom breaks outside of a correctional facility, along with the policy that fails to require a reasonable alternative

on how to dispose of human
waste and instead suggest the use of
water bottles, along with the policy
that prevents removal of prisoner
restraints in the van, along with the
policy that requires prisoners to remain
inside of the extremely movement restricted
cage, the practice of a large amount
of people in the cage, and the policy to
keep the van in movement regardless if
a prisoner is trying to urinate in these conditions
that the inevitable had occured many
times and urine was all over in the
cages and on his person.

The response from John Doe was to use
the van to assault Dozier, while B.
Burns failed to protect Dozier regardless
of his duty to do so.

## Supporting Law

Despain V. Uphoff, 264 F.3d 965, 974
(10th Cir. 2001) holding 36 hour exposure
to human waste stated an eigth amendment
claim.

Mcbride V. Deer, 240 F.3d 1287, 1291-92 (10th Cir. 2001) citing Gaston V. Coughlin, 249 F.3d a 166 "We are unwilling to adopt as a matter of law the principal that it is not cruel and unusual punishment for officials knowingly to allow an area to remain filled with sewage and extretment for days on end.

Wells V. Franzen, 777 F.2d 1258, 1263-64 (7th Cir. 1985) the failure to release a restrained prisoner to go to the bathroom, and the failure to remove his two day old bedpan full of urine raised a constitutional question.

Toussant V. McCarthy, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) "A sanitary enviroment is a basic human need that a penal institution must provide for all inmates".

Shannon V. Graves, 257 F.3d 1164, 1169 (10th Cir. 2001) evidence of fecal contamination of blankets and clothing raised an eigth amendment issue, even though officials not shown to be deliberately indifferent.

Benjamin V. Fraser, 161 F. Supp. 2d 151,
178 (S.D. N.Y. 2001) "Prisoners are entitled
to clothing that is clean or to have an
opportunity to clean it for themselves.

C.R.S. §16-3-107.5 (3)(d) "... private
corporations transporting prisoners to carry
[clean] ... appropriate attire for the
season, including footwear ... "


2. Claim Two, 14th Amendment Due Process

Rule Violation / Deliberate Indifference

After voicing complaints about sanitation
conditions, John Doe responded with
extreme deliberate indifference and malicous
intent by slamming the brakes, using the
vehichle as a weapon to assault
Dozier, resulting in serious bodily injury.

Missuse of Force Rule

In missuse of force cases ... "[a] court
must look to such factors as [1] the need
for application of force [2] the relationship

between the need and the amount of force that was used. [3] the extent of the injury inflicted [4] and whether force was applied in a good faith effort to maintain or restore disclipline or maliciously and sadistically for the very purpose of causing harm", Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)

Here, there was no threat posed to anyone, neither real nor percieved. No reasonable person could have found such use of force to be necessary.

## Supporting Law

Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) Throwing a plaintiff across a hallway into a wall without reason, violated the eigth amendment.

Davis v. Locke, 936 F.2d 1208, 1212 (11th Cir. 1991) dropping a shackled inmate so he hit his head violated the 14th Amendment.

Orem V. Rephann, 523 F.3d 442, 446
(4th Cir. 2008) using physical force against
a verbally abusive arrestee who was
handcuffed and hobbled in a patrol car
supported a claim of due process denial.

Bufford V. Nelson, 241 F. Supp. 2d 1102,
1205 (D. Kan. 2002) beating while
restrained supported an eigth amendment
claim.

Caudle-El V. Peters, 727 F. Supp. 1175,
1180 (N.D. Ill. 1989) allegation that the
plaintiff was choked, thrown to the ground,
and kneed in the back after he was
handcuffed and secured stated an eigth
amendment claim.

3. Claim Three, 14th Amendment Due Process

Defendants: 1) Uknown Extradition Company
2) B. Burns 3) John Doe

Rule Violation

Deliberate Indifference to Doziers
basic needs. Defendants were aware

of Dozier's need for clean clothes and a
sanitary enviroment, as Dozier made the
situation clear to them, Defendants failed to
act on their duty.

Supporting Law.

"Prisoners are entitled to clothing that is
clean, or to have an opportunity to clean
it for themselves." Benjamin V. Fraser, 161
F. Supp. 2d 151, 178 (S.D.N.Y. 2001).

"A sanitary enviroment is a basic human
need that a penal institution must provide
for all inmates" Toussaint V. McCarthy,
597 F. Supp. 1388, 1411 (N.D. CA). 1984).

"[A prisoner transport vehichle] Shall
have available attire for the season, including
footwear." C.R.S. § 16-2-107.5 (3)(d)

4. Claim Four 14th Amendment Due Process

Defendants: 1) Uknown Extradition Company,
2) B. Burns, 3) John Doe

<u>Rule Violation \ Deliberate Indifference to
rights of Rest and hygeine.</u>

.VV.

The policy, route, and practices of
Uknown Extradition Company planned a
multi-day trip between Dallas, TX
and Denver, co with no stays at a
correctional facility and no removal of restraints,
no washing of clothes, inadequate stops
for a restroom, no chances to use any
hygeine items. The trip Dozier went on
exactly as planned and described.

<u>Supporting Law.</u>

Sleep is a basic human need.
Harper V. Showers, 174 F.3d 716, 720
(5th Cir. 1999); Merrit V. Hawk, 153 F.
Supp. 2d 1216, 1228 (D. Colo. 2001).

"At least once every 24 hours that
a prisoner is transported... shall be
housed, unshackled... for a period not
less than 6 hours and permitted to shower
and sleep. Colorado Revised Statutes
§16-3-107.5 (4) (a)

5. Claim Five, 14th Amendment Due Process

Defendants: Wellpath LLC, Jane Doe, Jane Doe 2

Rule Violation Deliberate Indifference to Serious Medical Needs

"Deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle V. Gamble, 429 U.S. 97, 104 (1976). A medical condition may be serious if it "Significantly affects an individuals daily activities." Hayes V. Snyder, 546 F.3d 516, 523 (7th Cir. 2008); Mcjunkin V. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). "Delays in treating painful medical conditions that are not life threatning can support eigth amendment claims." Guiterrez V. Peters, 111 F.3d 1364, 1371 (7th Cir. 1997). A cheif purpose of the cruel and unusual punishment clause is to prevent the "unecessary and wanton infliction of pain." Estelle V. Gamble, 429 U.S. at 104 (1976).

## Analysis

Dozier has an ongoing nerve injury in his left arm.

The injury makes use of his arm very difficult and Dozier is often prevented from completing physical tasks with his left arm due to daily pain attacks.

Dozier has notified Wellpath and its employees of this injury on many occasions without a reasonable response on May 02, 2019; June 20th, 2019; June 26th, 2019; July 09, 2019; July 27, 2019; July 28th, 2019; September 10th 2019; September 11th, 2019; January 29th, 2020; March 3rd 2020; March 16th, 2020; and March 23rd, 2020.

The response from Jane Doe and Jane Doe 2 has been to use Wellpath's standard "Cookie Cutter" exam instead of a relevant exam to the complaint, the nurses furthered Wellpaths practice of preventing an inmate from getting

an exam by the physician.

Through all these efforts lasting far greater than a period of a year, Wellpath policy and it's employees have prevented Dozier from effective, reasonable, relevant medical care for this injury.

It was only on 08/20/2020 that Dozier was visiting a physician on an unrelated Mental Health exam, that Dozier was able to get the doctor to examine the injury + start treatment for nerve damage, after nearly 500 days waiting.

Supporting Law

Todaro V. Ward, 565 F.2d at 50-51. nurse screening procedure that allowed 15-20 seconds per prisoner, did not permit physical exam ... was inadequate.

Failure to conduct an adequate exam Phillips V. Roane County, Tenn (6th Cir. 2008). Failure to ask necessary questions or take history. Comstock V. McCrary (6th Cir. 2001)

Failure to conduct test that symptoms call
for. McKenna V. Wright (2d Cir. 2004)
Facility and procedures that do not allow
for proper diagnosis and treatment. Natale
V. Camden County Correctional facility (3d
Cir. 2003).

Interference with acess to medical
personall Goebert V. Lee County, 510 F.3d 1312,
1327-28, 1331 (11ᵗ Cir. 2007). Failure of medical
personell to deal with prisoners problem or
do so timely. Scott V. Ambani, 575 F.3d
642 (6ᵗ Cir. 2009)

"[Systematic] deffciencies in staffing, facilities,
or procedures [which] make unecessary
suffering inevitable" constitute deliberate
indifference. Bishop V. Stoneman, 508
F.2d 1224, 1226 (2d Cir. 1974)

6. Claim Six, 14ᵗ Amendment Due Process.

Defendants: 1) Wellpath, LLC 2) Jane Doe
3) Jane Doe 2

Rule Violation. Deliberate Indifference
to Serious Medical Needs

Dozier had tooth pain and his mouth became infected on 01/30/2020 as described in the factual background. After the first medical request nurse Jane Doe 2 prescribed ibprofun and put Dozier on a list to see the dentist. She did not get antibiotics for him, for the visible infection and swelling.

Dozier proceeded to submit several more requests in the coming days and described the intense pain, under Wellpath policy Jane Doe and Jane Doe 2 closed most of the medical requests without examination and stated Wellpath policy would require Dozier to get antibiotics from the Dentist when he sees him.

Approxamelty 4 months later Dozier finally saw the dentist and got antibiotics, suffering from an infection the entire duration of that time.

Supplemental / Jurisdiction State Law Claims 28 U.S.C. § 1367

Claim Seven, State Tort Battery

Defendants: 1) Uknown Extradition Company  2) B. Burns  3) John Doe

Rule: Battery is intentional harmful or offensive contact

Violation: Defendants were aware of human waste conditions in van, they then caused Dozier to come into contact + remain in contact with the human waste.

8. Claim 8, State Tort, Negligence

Defendant: Uknown Extradition Company.

Rule: Person causing harm could have prevented it, and a causal connection [3] Duty of Care owed, was greater than duty of Care recieved [4] Actual injury resulted [5] Harm was forseeable

Violation: Defendant operates a private extradition company, designs and plans its own routes, stops, and restroom breaks. Defendant is or reasonably should be aware and it is forseeable that regular

restroom breaks will be required, it
is also forseeable that at times a
prisoner will need to relieve
themselves when no restroom is
available.

Defendant owes a contractual
and legal duty to provide a
sanitary enviroment, as well as
a reasonable policy that is always
practiced on how to handle bathroom
breaks and use at minimum
containers that are easy to urinate
in while traveling without a mess.

Instead extremely long periods of
time went on without bathroom
breaks, then prisoners were left
with nowhere to urinate but into
a small water bottle, in a van
that will not stop, in conditions that
are impossible to urinate in a
sanitary fashion.

Due to defendants failure to
fulfill their legal and contractual
duty, there was human waste

in this van, Dozier was forced to marinate in
it, thereby, causing exposure to hazardous
conditions.

9. Claim Nine, State Tort, Assault + Battery
   Excessive Force

Defendants: Unknown Extradition Company,
3) John Doe

Rule: Battery is harmful or offensive contact
that is intentional. Assault is an act intended to
and does cause a reasonable fear that
a battery is about to occur.

Violation: John Doe responded to Dozier
by intentionally slamming the brakes
causing Dozier's body to fly within
the cage where a significant + lasting
nerve injury occurred.

10. Claim 10 State Tort Medical Malpractice

Defendants: Wellpath LLC, Jane Doe,
Jane Doe 2

Rule: Medical care given was a deviation

from the standard of care that should have
been given. Actions or inactions caused
or **prolonged**, or furthered injury or
negligense was the proximate cause
of creating, prolonging, or furthering the
injury.

Violation: Jane Doe and Jane Doe 2
working under direction of Wellpath,
LLC deviated from the standard of
care that should have been provided
for Dozier, with around 500 days of
ineffective and irrelevant "medical
treatment" for his injury.

11: Claim Eleven, State Tort, Medical Malpractic

Defendants: 4) Wellpath, LLC 5) Jane Doe
6) Jane Doe 2

Violation: Wellpath and its nurses
refused to provide necessary antibiotics
for an obvious infection forcing Dozier to
go months in pain before he could get
the simple medicine he required.

## E.  PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes' ✓ No (*check one*)..

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):  _____

Docket number and court:  _____

Claims raised:  _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:  _____

Result on appeal, if appealed:  _____

## F.  ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

5

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1) A declatory Judgment Stating: Defendants violated Doziers Constitutional rights.

2) An injunction to change policies for both defendant companies to reflect intent to protect prisoner Constitutional rights.

3) Compensatory Damages

4) Punitive Damages

5) Any other Damages found Suitable by the Court

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

8-20-20
(Date)

(Form Revised December 2017)

6

INDIGENT
LEGAL MAIL

Name _Lockd_ ID#: _1270_
Arapahoe County Detention Facility
P.O. Box 4918
Centennial, CO 80155-4918

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO
80294-3589



Denver, CO P&DC 802-ZIP
MON 24 AUG 2020 PM